986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry HERDLITCHKA, Plaintiff-Appellant,
v.
CITY OF SEMINOLE, OKLAHOMA, a municipal corporation, Charles
Joseph, individually and as Mayor of the City of Seminole,
Oklahoma; Dale Wren, individually and as Police
Commissioner for the City of Seminole, Defendants-Appellees.
 No. 92-7072.
 United States Court of Appeals, Tenth Circuit.
 Feb. 1, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The Appellant was a police officer for the City of Seminole, Oklahoma, who was discharged. He asserts that he was not afforded due process when terminated without a hearing, and that his rights under the First Amendment were also violated.
 
 
 3
 The Plaintiff in these proceedings starts as an "at-will" employee under Oklahoma law. Such a plaintiff must demonstrate that there are circumstances or conditions which change the at-will status. To do this Plaintiff urges that the City's personnel manual makes such a change of status. This issue in Oklahoma has been considered by this court in several cases.
 
 
 4
 The case of Carnes v. Parker, 922 F.2d 1506 (10th Cir.), considered similar arguments as to a "state action" employee. Carnes originated in Oklahoma, as did the case before us, and was within the Oklahoma at-will doctrine. Also in Carnes, as here, in substance, the personnel manual stated: "The following list represents actions which shall be defined as violations ... and being just cause...." In Carnes, 922 F.2d at 1511, we said that the listing of grounds for termination did not create a property interest, and quoted from Hinson v. Cameron, 742 P.2d 549 (Okla.):
 
 
 5
 "As the Oklahoma Supreme Court's holding in Hinson requires, we cannot imply from a list of grounds for termination or a simple reference to possible disciplinary action any contractual right promising continued employment."
 
 
 6
 Thus the listing of examples does not constitute a statement that there must be "cause." See also Graham v. Oklahoma City, 859 F.2d 142 (10th Cir.).
 
 
 7
 There was no property right created in the circumstances before us. This determination of the property right is of a legal issue not a factual issue.
 
 
 8
 It does not seem necessary to discuss the other issues raised by the parties other than to state a conclusion that there was no protected speech demonstrated by the Plaintiff.
 
 
 9
 The judgment of the trial court granting Defendants' summary judgment and supplemental motion is AFFIRMED.
 
 
 10
 IT IS SO ORDERED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3